**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CASE NO. 26_______________**

| | | |
|---|---|---|
| Plaintiff,<br><br>FRANKENMUTH MUTUAL INSURANCE COMPANY<br>v.<br>KESSEL ENGINEERING GROUP PLLC and GREAT MIDWEST INSURANCE COMPANY<br><br>Defendants. | ) | **COMPLAINT FOR FOR DECLARATORY JUDGMENT** |

NOW COMES Frankenmuth Mutual Insurance Company ("FIC") and brings this Complaint pursuant to 28 USC § 2201 and 2202 for declaratory judgment regarding the parties' rights and obligations in connection with a Third-Party Complaint filed against Kessel Engineering Group PLLC ("KEG") for alleged design and engineering defects at an apartment building construction project in Asheville N.C. (the "Project").

**NATURE OF ACTION**

1. This is an action by FIC for a declaratory judgment concerning whether FIC has any duty to defend or indemnify KEG from the allegations of the Third-Party Complaint filed by C. Herman Construction, LLC ("CHC") against KEG relating to the Project.
2. FIC investigated the facts of the Complaint against its insured KEG and issued a Reservation of Rights letter ("ROR") letter to KEG regarding FIC's defense of KEG for the CHC Third-Party Complaint.

3. FIC contends and alleges in this Complaint for declaratory relief that FIC has no duty to defend or indemnify KEG from the allegations of the Third-Party Complaint, and FIC seeks an Order from the Court that FIC may move to withdraw its ROR defense of KEG and that FIC has no further duty or obligation under the policy to defend or indemnify KEG from the Third-party Complaint.

4. An actual controversy exists because the defendants, upon information and belief, claim that the FIC policy does provide a duty to defend and indemnify KEG from the Third-Party Complaint.

**PARTIES**

5. FIC is a mutual insurance company incorporated in the state of Michigan with its principal place of business in Saginaw County, Michigan. FIC is authorized to transact insurance business in the State of North Carolina including but not limited to Buncombe County, North Carolina for the issuance of commercial and umbrella liability policies of insurance.

6. Defendant Kessel Engineering Group PLLC ("KEG") is, upon information and belief, a North Carolina corporation with its principle place of business in Buncombe County, North Carolina.

7. Great Midwest Insurance Company ("GMIC") is, upon information and belief, an insurance company incorporated in Texas with its principal place of business in Houston, Texas. GMIC is , upon information and belief, authorized to transact insurance business in the State of North Carolina

including but not limited to Buncombe County, North Carolina for the issuance of Architects and Engineers Professional Lability policies.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332(a)(1), 28 USC § 201 and Rule 57 of the F.R.C.P.

9. There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

10. An actual controversy within the meaning of 28 USC § 2201 exists between FIC and the Defendants concerning what duty to defend or indemnify KEG from the CHC Third-Party Complaint, if any, exists under the policies issued by FIC to KEG.

## CONTROVERSY AND RIPENESS

11. KEG timely sent notice to FIC of the Third-Party Complaint and KEG's demand for defense and indemnity under the FIC's policy of insurance. Upon information and belief, KEG also gave timely notice to GMIC of the Third-Party Complaint and demanded a defense and indemnity from GMIC from the allegations of the Third-Party Complaint.

12. A true, genuine copy of the Third-Party Complaint is attached hereto as Exhibit "A." A true, genuine copy of the underlying Complaint is attached hereto as Exhibit "B."

13. Upon receipt of the defense request by KEG to FIC, FIC reviewed the pertinent pleadings, pertinent policy language and issued a Reservation of Rights letter ("ROR") to KEG on June 3, 2026. That ROR is in writing and speaks for itself. That letter is fully incorporated herein by reference and identified as Exhibit "C."

14. Upon information and belief, following its notice of the Third-Party Complaint and demand for defense by KEG, GMIC investigated the tender, and issued a ROR to KEG on May 5, 2026. That letter is in writing and speaks for itself. The GMIC ROR is incorporated herein by reference and identified and attached as Exhibit "D."

15. FIC issued commercial policy and umbrella policy number 6631548 with a beginning term of August 12, 2019 to August 12, 2020 with yearly renewals through the 2023-2024 policy period. The FIC commercial policy contains a $1,000,000 per occurrence limit for general liability coverage and a general aggregate limit of $2,000,000. The FIC commercial umbrella policy has a $1,000,000 each occurrence limit.

16. True and genuine copies of the FIC policies are attached hereto as Exhibits "E," "F," "G," "H" and "I." These policies are incorporated herein by reference.

17. Upon information and belief, GMIC issued an Architects and Engineers Professional Liability Insurance Policy number AE-GM-0000256-03 to KEG. The policy is a "Claims Made and Reported policy" with effective dates of

August 12, 2024 to August 12, 2025. The policy contains policy limits of $1,000,000 each claim with a $2,000,000 maximum policy aggregate for all Claims with a Retroactive Date of August 12, 2007.

18. FIC's commercial policy contains a professional liability exclusion, form CG 22 43 04 13, which excludes any coverage or duty to defend KEG from the allegations of CHC's Third-Party Complaint. This endorsement is set forth in full in the FIC commercial policy and, the FIC ROR letter and this endorsement is incorporated herein by reference.

19. The FIC commercial liability umbrella coverage form is included in the FIC policy of insurance number 6631584.

20. The FIC umbrella policies contain an exclusion for professional services in form CU 00 01 01 13, page 5 of 18. This exclusion bars any coverage, duty to defend or indemnity to KEG from the Third-Party Complaint. This exclusion is fully stated in the FIC policies and incorporated herein by reference.

21. Additionally, the FIC commercial and umbrella policies of insurance and the FIC ROR contain additional terms, limits, provisions, exclusions, and conditions, which exclude and bar coverage, indemnity or duty to defend KEG from the allegations of the Third-Party Complaint. These exclusions and provisions are fully set out in the FIC commercial policies and the ROR are incorporated herein by reference.

22. The FIC commercial liability policies and the FIC umbrella policies both contain other insurance provisions. The other insurance provision for the FIC commercial liability policy is:

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

**1.** This insurance is excess over:

**a.** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(1)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(2)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(3)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(4)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability.

**b.** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

**2.** When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**3.** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**a.** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**b.** The total of all deductible and self-insured amounts under all that other insurance.

**4.** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

CG 00 01 04 13, Page 12 of 16

23. The other insurance provision in the FIC umbrella policies is:

1. **Other Insurance**

a. This insurance is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this Coverage Part.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

b. When this insurance is excess over other insurance, we will pay only our share of the "ultimate net loss" that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of the insurance provided under this Coverage Part; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

CU 00 01 04 13 Page 13 of 18

24. Should there be a determination that FIC does have any duty to defend or indemnify, which is again denied, then the GMIC policy is primary and the FIC commercial and umbrella policies are excess. FIC alleges and seeks an Order that GMIC has a primary duty to defend KEG from the allegations of the Third-Party Complaint.

## RESERVATION OF RIGHTS

Nothing in this Complaint should be construed as a waiver by FIC of any coverage defenses under the FIC policies and FIC reserves the right to raise all other terms,

exclusions, limits and conditions of the policies in support of its request for declaratory relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FIC respectfully requests the following relief:

1. For an Order stating that FIC has no duty to defend or indemnify KEG from the allegations of the CHC Third-Party Complaint;

2. Alternatively, should there be a determination that FIC does have a duty to defend KEG from the allegations of the Third-Party Complaint; for an Order stating that GMIC has a duty to defend KEG from the CHC Third-Party Complaint and that GMIC's duty to defend is primary and any duty to defend or indemnity by FIC is excess;

3. That the cost of this action be taxed against Defendants;

4. For such other and further relief that the Court deems just and proper.

This is the 25 day of August, 2026.

**BROWN, CRUMP, & TIERNEY, ~~PLLC~~**

By: ______________________

O. Craig Tierney, Jr.
N.C. State Bar No. 17109
P.O. Box 1729
Raleigh, NC 27602
Telephone: (919) 890-4482
Facsimile: (919) 835-0915
*Attorney for Plaintiff*